# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No._____

MARY T. CHARNEY,

    Plaintiff,

v.

UNITED AIRLINES, INC.

    Defendant.

___

## NOTICE OF REMOVAL
___

Defendant United Airlines, Inc., by and through counsel, William T. O'Connell, III and Katherine M.L. Pratt of Wells, Anderson & Race, LLC, and pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above action from the District Court, Arapahoe County, State of Colorado to the United States District Court for the District of Colorado. Copies of all pleadings are filed with this Notice under 28 U.S.C. § 1446(a). As grounds for removal, Defendant states:

    1.    On May 29, 2019, Plaintiff Mary Charney commenced an action against Defendant in the District Court, Arapahoe County, Colorado, styled *Mary Charney v. United Airlines, Inc.* Case No. 2019 CV 000139 (Complaint, attached hereto as **Exhibit A**).

    2.    Plaintiff served her Complaint on Defendant on May 29, 2019. (District Court Civil Summons and Service of Process Transmittal, attached hereto as **Exhibit B**).

3. Defendant's Notice of Removal is filed within the limits set forth in 28 U.S.C. § 1446, which requires removal within 30 days of receipt of service of process by Defendant. All procedural requirements related to the removal of this action have been satisfied.

4. The district courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**CITIZENSHIP**

5. Plaintiff Mary Charney is a resident of Colorado. (**Exhibit A**, pp. 1, 12). Defendant is a Delaware corporation with a principal place of business in Chicago, Illinois. (**Exhibit A, ¶¶** 1-2). *See also* Defendant's Corporate Disclosure Statement. Therefore, there is complete diversity of citizenship between the parties.

**AMOUNT IN CONTROVERSY**

6. Without waiving Defendant's right to contest Plaintiff's ability to recover any particular amount of damages, the amount in controversy exceeds $75,000 based on Plaintiff's express claim for a monetary judgment in excess of $100,000 for "lost wages and back pay, based on her wage at the time of termination, back pay, her promotional wage, emotional pain and suffering, punitive damages, and/or attorney's fees." (**Exhibit A**, ¶ 6).

7. While a defendant must establish the amount in controversy when it is not explicitly stated in a complaint, the defendant does not have to prove that $75,000 is in fact in controversy or that the plaintiff will in fact recover that amount. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953-56 (10th Cir. 2008). The "amount in controversy is not proof of the amount that the plaintiff will recover," but "is an estimate of the amount that will be put at issue in the

course of litigation." *Id.* at 956. A defendant need only demonstrate that it is "*possible* that $75,000 [i]s in play." *Id.* at 955 (emphasis in original).

8. A "defendant may rely on an estimate of the potential damages from the allegations in the complaint" to demonstrate facts supporting the amount in controversy. *Id.* at 955-56. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). A civil cover sheet filed in State Court in which a Plaintiff asserts that more than $75,000 is in issue is an "initial pleading" or "other paper" under § 1446(b)(3) which is evidence of the amount in controversy. *Paros Properties LLC v. Colorado Cas. Inc. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

9. Once a defendant establishes contested facts that support the requisite amount in controversy, a defendant is entitled to remain in federal court unless it is "'legally certain' that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954. "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.*

10. In determining the amount in controversy, a court may look to the object sought to be accomplished by a plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). The "test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.*; *see also McPhail*, 529 F.3d at 954 (holding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose). In addition to claims for actual damages, claims for punitive damages and attorney fees, where such fees are provided by statute or contract, are considered for purposes of determining whether the jurisdictional limit is met. *Geoffrey E. MacPherson,*

*Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 1245 (10th Cir. 1996); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

11. Plaintiff's Civil Cover Sheet indicates that a monetary judgment over $100,000 is sought by any party against any other single party. (Civil Cover Sheet, attached as **Exhibit C**). Consequently, Plaintiff asserts, at minimum, $100,000 is sought in this action.

12. Considering Plaintiff's claims, the damages she seeks and her Civil Cover Sheet, Defendant has shown the existence of facts by a preponderance of the evidence which, if true, demonstrate that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

13. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders in the state case file of which Defendant is aware are filed with this Notice. There are no pending motions or hearings set in the State Court action.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, Arapahoe County, Colorado and a copy has been served on Plaintiff, as indicated on the attached certificate of service.

WHEREFORE, Defendant United Airlines, Inc., removes this action from the District Court, Arapahoe County, Colorado to the United States District Court for the District of Colorado.

Dated this 11th day of June 2019.

Respectfully submitted,

*S/ William T. O'Connell, III*

───────────────────────────────
William T. O'Connell, III
Katherine M.L. Pratt
Wells Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80203
T: 303-830-1212
E-mail:woconnell@warllc.com; kpratt@warllc.com

**ATTORNEYS FOR DEFENDANT UNITED AIRLINES, INC.**

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 11, 2019, a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following address:

**Via U.S. Mail**
Mary T. Charney
2150 Springcrest Road
Colorado Springs, CO 80920
*Pro Se Plaintiff*

                                      *S/ Barbara McCall*
                                      Barbara McCall
                                      Email: bmccall@warllc.com